**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 06-5225**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BILL GREEN,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, District Judge.  (3:06-cr-00143)

———————————

Submitted:  December 10, 2007      Decided:  December 21, 2007

———————————

Before NIEMEYER, SHEDD, and DUNCAN, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

David D. Perry, LAW OFFICE OF DAVID D. PERRY, Huntington, West Virginia, for Appellant.  Charles T. Miller, United States Attorney, Joshua C. Hanks, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bill Green appeals from his jury convictions for two counts of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) (2000). Finding no reversible error, we affirm.

Green challenges the district court's dismissal of a juror after deliberations began and continuation with an eleven-member jury. Under Federal Rule of Criminal Procedure 23(b)(1), "[a] jury consists of 12 persons." However, "[a]fter the jury has retired to deliberate, the court may permit a jury of 11 persons to return a verdict, even without a stipulation of the parties, if the court finds good cause to excuse a juror." Fed. R. Crim. P. 23(b)(3). The district court's application of Rule 23(b) is reviewed for abuse of discretion. See United States v. Levenite, 277 F.3d 454, 464-65 (4th Cir. 2002); United States v. Acker, 52 F.3d 509, 515-16 (4th Cir. 1995).

Green argues that the court abused its discretion by dismissing, over the lunch recess, a juror whose grandmother had died. However, the district court had discretion to dismiss the twelfth juror for cause--the death of the juror's immediate family member. Before proceeding with the eleven-member jury, the district court gave counsel the opportunity to object. Green raised no objections. Under these circumstances, we find the district court did not abuse its discretion under Federal Rule of

Criminal Procedure 23(b)(3) by dismissing the juror after deliberations began and proceeding with an eleven-member jury.

Green also argues the district court erred in denying his motion for permission to interview the jurors. Green contends he should have been allowed to interview the jurors after the verdict to determine if the dismissed juror was a holdout for acquittal before she was dismissed. Green has made no showing of "extraneous prejudicial information" or "outside influence" being brought to bear on the dismissed juror or any other juror and thus the district court did not err in denying the motion for permission to interview the jurors. See Acker, 52 F.3d at 515-16 (rejecting similar claim and stating "courts have consistently rejected juror affidavits or testimony about mental processes unless 'extraneous prejudicial information' or 'outside influence' is clearly present") (citing Federal Rule of Evidence 606(b)); see also Tanner v. United States, 483 U.S. 107, 119-28 (1987); United States v. Gravely, 840 F.2d 1156, 1159 (4th Cir. 1988). We thus conclude there is no basis upon which to conclude the district court erred in rejecting Green's motion.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 3 -